IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LELAND ANTHONY NEYER, et al.,        No. CIV S-08-0241-JAM-CMK

    Plaintiffs,

  vs.                                  ORDER

UNITED STATES DEPARTMENT
OF THE TREASURY, et al.,

    Defendants.

_____/

       Plaintiffs, who are proceeding pro se, bring this action for injunctive relief. Pending before the court are: (1) plaintiffs' motion for preliminary injunctive relief (Doc. 1); (2) defendants'[1] motion to dismiss for lack of jurisdiction (Doc. 6); and (3) plaintiffs' "Changed Pleading Pursuant to Fed. R. Civ. P. 15" (Doc. 14).

---

[1] In the caption of their initial pleading (Doc. 1), plaintiffs' list as "Defendants" various agencies and employees of the United States ("government defendants") as well as various private parties ("private defendants"). In the body of the pleading, however, plaintiffs list as "Respondents" various employees of the United States and private individuals. They do not list any agencies of the United States. Defendants' motion is filed by the United States of America apparently on behalf of the government defendants only. No appearance has been made on behalf of any of the private defendants.

1

1   The procedural posture of this case has been complicated by plaintiffs' various filings. In particular, they initiated this action not with a complaint but with a motion for preliminary injunctive relief. Then, apparently in response to defendants' motion to dismiss, plaintiffs filed their "Changed Pleading" explicitly referencing Federal Rule of Civil Procedure 15. By this reference, and according to statements made by plaintiffs in the "Changed Pleading," it is clear that they intended this filing to be an amended complaint which supercedes their first pleading. Because this action was initiated with the motion for preliminary injunctive relief, the court construes plaintiffs' "Changed Pleading" as a first amended complaint in which plaintiffs apparently seek some form of permanent injunctive relief. Further, because plaintiffs clearly state in their "Changed Pleading" that they intend the filing to supercede their original filing, the court concludes that plaintiffs' initial filing is now a nullity and not properly before the court. In other words, plaintiffs' Rule 15 "Changed Pleading" supercedes and replaces their motion for preliminary injunction, which the Clerk of the Court will be directed to terminate from the docket as a pending motion.

As to defendants' motion to dismiss, that document is directed to plaintiffs' initial pleading – the motion for preliminary injunctive relief – which, as discussed above, has been superceded by the "Changed Pleading." Because the motion to dismiss is directed at a pleading which has been superceded, it will be disregarded and the Clerk of the Court will be directed to terminate the document as a pending motion. Following proper service of the amended complaint (i.e., plaintiffs' "Changed Pleading"), defendants may renew their motion to dismiss if appropriate.

Regarding plaintiffs' request that the court order preliminary injunctive relief, for the reasons discussed above plaintiffs' motion for such relief has been superceded. Plaintiffs may renew their motion for preliminary injunctive relief. Any renewed motion should not be filed until after defendants have appeared in the action.

/ / /

The Clerk of the Court will be directed to forward to plaintiffs new summons forms for the defendants listed in the "Changed Pleading," which is construed as plaintiff's first amended complaint. Plaintiffs name the following as defendants: (1) R. Jones, an employee of the Internal Revenue Service ("IRS"); (2) Janis K. Hall, an IRS employee; (3) Karen Hansen,[2] an employee of J.K Harris & Company; (4) Lela L. Gamble, an IRS employee; and (5) Mark Dyson, an IRS employee.[3] As indicated above, plaintiffs' amended complaint no longer names as a defendant any agency of the United States. Plaintiffs are required to effect proper service of these individuals pursuant to Federal Rule of Civil Procedure 4. With respect to the IRS employee defendants, plaintiffs specifically state that they are being sued in their individual capacities. Therefore, plaintiffs should be mindful of Rule 4(i)(3) when serving these defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. This action proceeds on plaintiffs' "Changed Pleading" (Doc. 14), which the Clerk of the Court is directed to designate on the docket as plaintiffs' first amended complaint;

2. Plaintiff's motion for preliminary injunctive relief (Doc. 1) is superceded by the first amended complaint and is not properly before the court;

3. The Clerk of the Court is directed to terminate plaintiffs' motion for preliminary injunction (Doc. 1) as a pending motion on the court's docket;

4. Defendants' motion to dismiss (Doc. 6) is directed at a pleading which has been superceded and will, therefore, be disregarded;

/ / /

---

[2] At one place in the amended complaint, plaintiffs indicate that the J.K. Harris attorney named in their suit is "Karen Hansen." At another point, they reference "Karen Hutton."

[3] The Clerk of the Court will be directed to update the court's docket to reflect that these individuals are the named defendants in this action.

5. The Clerk of the Court is directed to terminate defendants' motion to dismiss (Doc. 6) as a pending motion on the court's docket;

6. The Clerk of the Court is directed to update the docket to reflect that the following five individuals are the only named defendants:

> R. JONES,
>
> JANIS K. HALL,
>
> KAREN HANSEN,
>
> LELA L. GAMBLE, and
>
> MARK DYSON;

7. The Clerk of the Court shall forward to plaintiffs summons forms for each defendant listed above; and

8. Plaintiffs are directed to effect proper service of process pursuant to Federal Rule of Civil Procedure 4.

DATED: August 4, 2008

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE