IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND ANTHONY NEYER, et al., | No. CIV S-08-0241-JAM-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MARK E. DYSON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the court is the motion to dismiss (Doc. 20) filed by defendants Gamble, Jones, Dyson, and Hall ("the federal defendants").[1] Plaintiffs have not filed an opposition to the motion.

/ / /

/ / /

/ / /

/ / /

---

[1] The only other named defendant – Karen Hansen – is not a federal employee and has not entered any appearance in the action. The federal defendants specially appear, reserving their right to raise lack of proper service of process.

1

## I. BACKGROUND

This action proceeds on plaintiffs' first amended complaint (Doc. 14). Plaintiff allege a violation of 26 U.S.C. § 7433 with respect to the collection of taxes. Specifically, as to the federal defendants – all of whom are employees of the Internal Revenue Service ("IRS") – plaintiffs claim:

> <u>Jones</u> – Plaintiffs assert that defendant Jones acted outside her official capacity as an employee of the IRS while working on plaintiffs' "Offer In Compromise." According to plaintiffs, defendant Jones "ignored our attorney of record who was our lawful representative." Rather, plaintiffs assert, defendant Jones acted in her individual capacity to "cause intentional economic injury to plaintiffs by making misrepresentations of facts." Plaintiffs claim defendant Jones' action was intended to "raise the plaintiffs' stress level to the breaking point."
>
> <u>Hall</u> – Plaintiffs claim that defendant Hall, also an IRS employee, made the "impossible demand" in the course of working on plaintiffs' tax case that plaintiffs provide bank statements for the last three months. Plaintiffs add: "Why didn't she ask our attorney?" They assert that their attorney "did not represent us" and that the IRS took advantage of the "gap in legal representation to exploit plaintiffs in every way possible." Plaintiffs also claim that defendant Hall sent a letter in July 2006 demonstrating the "mean spiritedness of each employee" by making "insane demands."
>
> <u>Gamble</u> – Plaintiffs assert that defendant Gamble "intentionally made material misrepresentations in the total fictious [sic] amount of an additional $75,537.00 for plaintiffs' ASSETS." According to plaintiffs, defendant Gamble did this "for the purpose of eliminating plaintiffs' opportunity to be granted their Form 433 O.I.C."
>
> <u>Dyson</u> – Plaintiffs allege that defendant Dyson acted improperly by sending a "letter of dismissal" of their Form 433.

## II. DISCUSSION

The federal defendants argue that this court lacks subject matter jurisdiction because plaintiffs failed to exhaust administrative remedies with respect to their § 7433 claim. As the federal defendants observe, plaintiffs' action is for allegedly unauthorized collection of a tax liability, for which remedies exist under § 7433. They argue:

> . . . Although § 7433 contains a waiver of sovereign immunity, it requires a taxpayer to exhaust his or her administrative remedies before the federal district courts are conferred subject matter jurisdiction. 26 U.S.C.

§ 7433(d). Specifically, a taxpayer must submit an administrative claim for damages for unauthorized collection to the IRS specifying, inter alia, the taxpayer's identifying information, the grounds for the claim, a description of injuries, and the amount of the claim. See Treas. Reg. § 301.7433-1(e)(2). Plaintiffs did not allege that they submitted a claim for damages for unauthorized collection to the IRS. Therefore, this Court lacks jurisdiction over the damages claim under § 7433 and it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). See McBride Cotton & Cattle Corp. v. Veneman, 290 F.3d 973, 979 (9th Cir. 2002) ("the failure to exhaust administrative remedies to be a bar to federal subject matter jurisdiction where the exhaustion statute explicitly limits the grant of subject matter jurisdiction").

The federal defendants also argue that, even had plaintiffs exhausted their administrative remedies, their complaint fails to state a claim upon which can be granted under § 7433 because plaintiffs did not comply with § 7433(b) which requires the claimant to allege the amount of actual direct economic damages sustained as a result of reckless, intentional, or negligent actions of agency officers or employees. They argue:

> . . . Plaintiffs have failed to do so. They refer vaguely to the "mean spiritedness" of the IRS employees (Am. Compl. ¶¶17, 22), but they fail to provide the actual pecuniary basis for their demand and fail to describe the "actual, direct economic damages" they suffered.

These arguments, which are not opposed by plaintiffs, are persuasive. The court has reviewed the first amended complaint and all attached exhibits and does not find any suggestion that plaintiffs complied with administrative exhaustion requirements. For this reason alone, the action should be dismissed. See McBride, 290 F.3d at 979. Nor, have plaintiffs alleged any specific amount of economic loss as the result of the federal defendants' alleged conduct. This provides an alternative basis for dismissal for failure to comply with the statutory requirements set forth in 26 U.S.C. § 7433(b).

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. The federal defendants' unopposed motion to dismiss (Doc. 20) be granted;

2. This action be dismissed; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE